UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>PREMIER BODYWORKS, INC. *et al*.<br><br>   Defendants. | Case No. 1:22-cv-01450-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 12)<br><br>**FOURTEEN DAY DEADLINE** |

Pending before the Court is Plaintiff BASF Corporation's ("Plaintiff") motion for default judgment against Defendants Premier Body Works, Inc., doing business as Premier Body Works, Inc. ("Premier Bodyworks") and Mark Viallanueva ("Viallanueva") (hereinafter collectively, "Defendants"), filed on March 1, 2023. (Doc. 12). No oppositions to Plaintiff's motion were filed and the deadline to do so has expired. The Court convened hearing on the motion via videoconference on August 17, 2023. (Doc. 17). Counsel Bobbie Bailey appeared on behalf of Plaintiff and Defendant Viallanueva appeared on behalf of himself and separately noted his status as owner of Premier Bodyworks. *Id*. Randy A. Tucker appeared and provided sworn testimony as a witness for Plaintiff. *Id*. Having considered the moving papers, the declarations and exhibits attached thereto, the arguments and testimony presented at the hearing, as well as the Court's file, the Undersigned issues the following findings and recommendations that Plaintiff's motion for default judgment be GRANTED.

**Background**

**A. Plaintiff's Allegations**

In its complaint, Plaintiff asserts claims arising from breach of contract, unjust enrichment, and declaratory relief. (Doc. 1 at 6-10). Plaintiff "is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks and other vehicles (collectively, "Refinish Products"). *Id*. at ¶ 4. Plaintiff resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops. Defendant Premier Bodyworks operates as an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles. *Id*. Defendant Viallanueva is the president/owner of Premier Bodyworks. *Id*. at ¶ 6.[1]

Plaintiff alleges that on or about March 5, 2018, Plaintiff and Defendants entered into a "Requirements Agreement." *Id*. at ¶ 10. Pursuant to the Requirements Agreement, Premier Bodyworks agreed to purchase from an authorized Plaintiff distributor one hundred percent of its Refinish Products requirements for the business. *Id*. at ¶ 11. The term of the agreement was to commence with the first full calendar month subsequent to the effective date and continue until Premier Bodyworks had "reached the Minimum Purchase Requirement of $435,000.00 in the aggregate of BASF Glasurit and RM products, net of all distributor discounts, rebates, returns and credits[,] subsequent to the Effective Date." (Doc. 1-1 at 2). Further, the Requirements Agreement obligated Plaintiff to pay Premier Bodyworks $70,000 in consideration of Premier Bodyworks satisfying its obligations under the Requirements Agreement, and also to loan certain equipment to Premier Bodyworks, valued at $25,550.00. (Doc. 1 at ¶¶ 12-13).

The Requirements Agreement also contains a termination clause that states if the agreement is terminated for any reason before Premier Bodyworks satisfies the Minimum Purchases Requirement, Defendants would be required to refund the consideration based on the following conditions:

---

[1] Viallanueva confirmed at the motion hearing that he was the owner of Premier Bodyworks. (Doc. 17).

2

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5th of Minimum Purchases | 110% |
| Less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| Less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| Less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| Less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |
| After 5/5th of Minimum Purchases | 0% |

*Id*. at ¶ 14.  Additionally, if the Requirements Agreement is terminated for any reason before Premier Bodyworks satisfies the Minimum Purchases Requirement, Defendants would be required to return the loaned equipment to Plaintiff or repay the retail value of said equipment. *Id*

Plaintiff asserts as part of the Requirements Agreement, Viallanueva signed an "Owner's Personal Guaranty" in which he guaranteed Premier Bodyworks' performance under the terms of the Requirements Agreement, including repaying consideration to Plaintiff. *Id*. at ¶ 15.

In March 2020, Premier Bodyworks purchased "approximately $17,347.97 in BASF Refinish Products from a BASF authorized distributor." *Id*. at ¶ 17.  Thereafter, Plaintiff alleges Premier Bodyworks "breached and ultimately terminated the Requirements Agreement by, among other things, purchasing Refinish Products from sources other than a BASF authorized distributor," prior to fulfilling its $435,000.00 Minimum Purchases requirement. *Id*. at ¶¶ 16, 18-20.  Plaintiff asserts it has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions and covenants, required under the Requirements Agreement. *Id*. at ¶ 21.

Plaintiff alleges Defendants refused (1) to return the loaned equipment, or pay Plaintiff the value for the loaned equipment, $25,550.00, and (2) pay to Plaintiff $77,000.00, representing 110% of the consideration provided pursuant to the Requirements Agreement schedule. Plaintiff also requested Defendants pay $417,652.03, the remaining balance of the Minimum Purchases requirement. Subsequently, Plaintiff notified the Court of its intention to withdraw its request for the Minimum Purchases requirement. (Doc. 16). At the motion hearing, counsel for Plaintiff confirmed that Plaintiff withdrew this claim for relief.

In total, Plaintiff seeks $102,550.00 in damages, with prejudgment interest, costs and fees of this action as permitted by law, and a declaratory judgment that the Requirements Agreement is in full force and effect.

**B. Procedural History**

On November 9, 2022, Plaintiff initiated this action against Defendants. (Doc. 1). On December 1, 2022, Plaintiff filed an executed proof of service of summons as to Defendant Premier Bodyworks; and on December 9, 2022, Plaintiff filed an executed proof of service of summons as to Defendant Viallanueva. (Docs. 7-8). Defendants did not respond to the complaint, and the Clerk of the Court entered defaults against both Defendants on January 13, 2023. (Docs. 9-10).

Plaintiff filed the instant motion for default judgment against Defendants on March 1, 2023. (Doc. 12). Counsel for Plaintiff attested that his office delivered to Defendants by mail notice of the motion and a copy of Plaintiff's motion papers (Doc. 12-1 ¶ 8) and neither of the Defendants opposed or responded to the motion.

A hearing on the motion was held on August 17, 2023, and Viallanueva appeared in the action for the first time. (Doc. 17). Plaintiff's witness Randy A. Tucker testified as to the value of the loaned equipment. Viallanueva stated he had received a copy of the summons and complaint when they were originally served and requested time to obtain an attorney. He also asserted the contract at issue was fraudulent. The Court admonished Viallanueva of his duty as a pro se party to review and comply with the Court's Local Rules and to expeditiously file notice of attorney appearance if he intended to retain counsel. (Doc. 17). As of the date of this order – 21

days after the motion hearing – Viallanueva has not filed any notice of retainer of counsel or otherwise requested additional time to do so.

**Legal Standard**

As a general rule, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 20160 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. *See Eitel*, 782 F.2d at 1471. Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Allegations regarding damages are not taken as true and must be independently proven. *Geddes*, 559 F.2d at 560. In addition, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, *4 (N.D. Cal. Feb. 12, 2010); *accord DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that do no more than "parrot" the elements of a claim not deemed admitted). "[I]t follows from this that facts ... not established by the pleadings of the prevailing party, or claims ... not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782

F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)). However, courts may decline to enter default judgment if a party's claim are legally insufficient. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93 ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant").

**Discussion**

Before it may evaluate the *Eitel* factors to determine whether default judgment should be entered, the Court must first determine whether it properly has jurisdiction in this matter.

**A. Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *United States. v. Summer*, 226 F.3d 1005, 1009 (9th Cir. 2000). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000,…and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state…" 28 U.S.C. § 1332(a)(1)-(2). Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 998-1000 (9th Cir. 2007).

Here, Plaintiff is a Delaware corporation with its principal place of business in New Jersey. A corporation is deemed to be a citizen of any State by which it has been incorporated

and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1). Thus, Plaintiff is a citizen of Delaware and New Jersey.

Defendants are alleged to be citizens of California. Plaintiff claims Premier Bodyworks is a corporation organized and existing under the laws of California, with its principal place of business and mailing address 2101 White Lane, Building A, Bakersfield, CA 93304. Plaintiff also claims Viallanueva is a citizen of California and may be personally served at his office and place of business at 2101 White Lane, Building A, Bakersfield, CA 93304.

As Plaintiff is a citizen of Delaware and New Jersey and Defendants are citizens of California, complete diversity of citizenship exists. Further, the amount in controversy alleged in Plaintiff's complaint is $520,202.03, (Doc. 1 at 7), so the jurisdictional amount requirement is met. Therefore, the Court does possess subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**B. Procedural Requirements**

Before a default judgment may be entered, Plaintiff must satisfy the procedural requirements of set forth in Rule 55 of the Federal Rules of Civil Procedure. "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55. Plaintiff through counsel has submitted a declaration stating, "Defendants are neither a minor nor an incompetent person." (Doc. 12-1 ¶ 6). Further, counsel asserts upon information and belief that Viallanueva is neither in the military service nor otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940. *Id.* ¶ 7.

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. *J & J Sports Prods., Inc. v. Singh*, No. 1:13-cv-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); *see Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (if a party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action."). Service of the summons and complaint is the procedure by which a court having venue and jurisdiction of

the subject matter of the suit obtains jurisdiction over the person being served. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946); *see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail*, 840 F.2d at 688 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail*, 840 F.2d at 688 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Under Rule 4(e), an individual may be served by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). California law permits substitute service by leaving a copy of the summons and complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Civ. Proc. Code § 415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id*.

Pursuant to Rule 4(h), a corporation "or a partnership or other unincorporated association that is subject to suit under a common name: must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

8

>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…

Fed. R. Civ. P. 4(h)(1)(A)-(B).  The Court shall examine the propriety of service as to each Defendant.

**1. Mark Viallanueva**

On December 5, 2022, Plaintiff served a copy of the summons and complaint on Viallanueva at 9:45 PM at the address, 2101 White Lane, Building A, Bakersfield, CA 93304.  (Doc. 8).  Viallanueva stated he had received a copy of the summons and complaint at the August 17, 2023, motion hearing.  On this record, the Court finds that service of process on Viallanueva was proper.

**2. Premier Bodyworks**

On November 18, 2022, Plaintiff served a copy of the summons and complaint on Premier Bodyworks by subsisted services, by leaving the documents with "Philip Rader-Painter Helper, Authorized to Accept Service."  (Doc. 7).  The service documents were left with Mr. Rader at 1:54 PM at the address 2101 White Lane, Building A, Bakersfield, CA 93304.  The service affidavit indicates Mr. Rader is "a person at least 18 years of age apparently in charge of the office or usual place of business of the person to be served" and he was informed of the general nature of the papers.  Copies of the summons and complaint were also mailed to the same address on November 18, 2022.  *Id.*

Plaintiff's attempt to serve Premier Bodyworks through Mr. Rader was improper.  Rule 4 and California law require service on a corporate entity to be effected on the person designated as an agent for service of process, or the "president, chief executive officer, or other head of the corporation, a vice present, a secretary or assistant secretary, a treasurer, or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Civ. Proc. Code § 416.10(a)-(b).  Mr. Rader does not appear to hold any of these positions with Premier Bodyworks, and there is no indication he is the designated agent for service of process for Premier Bodyworks.

However, as Plaintiff has effectuated service on Viallanueva, the owner of Premier Bodyworks, the Court concludes Premier Bodyworks has been adequately notified of this action. Based on the foregoing, the Undersigned concludes the Court has jurisdiction over Defendants.

**C. Evaluation of the *Eitel* Factors in Favor of Default Judgment**

For the reasons discussed herein, the Undersigned finds that the *Eitel* factors weigh in favor of granting default judgment.

**1. Possibility of Prejudice to Plaintiff**

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id*. Here, Plaintiff would be prejudiced if default judgment were not granted because, absent entry of a default judgment, Plaintiff will be without recourse against Defendants given their unwillingness either to perform under the Requirements Agreement or to pay the consideration and the value of the loaned equipment. *See Vogel v. Rite Aid Corp*., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). Thus, this factor weighs in favor of default judgment.

**2. Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

The second and third *Eitel* factors call for an analysis of the causes of action. *Eitel*, 782 F.2d at 1471–72; *see Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (under an *Eitel* analysis, the second and third factors are often analyzed together); *Mnatsakanyan*, 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) (noting that courts often treat these two factors "as the most important" in an *Eitel* analysis).

a. Choice of Law Clause

In order to determine the merits and sufficiency of Plaintiff's Complaint, the Undersigned must determine which state's law governs the dispute. Here, the Requirements Agreement contains a choice-of law clause indicating that "performance or non-performance hereunder shall be governed by and construed under the laws of the State of Michigan."

"Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." *Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (citing *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005)). As this action is before this Court on the basis of diversity jurisdiction, California's choice of law rules apply. California courts will enforce the chosen state's law where (1) "the chosen state has a substantial relationship to the parties or their transaction," or (2) "there is any other reasonable basis for the parties choice of law." *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 466 (Cal. 1992). A "substantial relationship" exists if a party is domiciled in the choice of law state, and a "reasonable basis" for enforcing a contract's choice of law provision exists when at least one party resides in the state. *Id.*

Here, the Undersigned does not find a substantial relationship or reasonable basis for the parties' choice of Michigan law to govern their dispute. Neither Plaintiff nor Defendants are domiciled in Michigan and Plaintiff raises no other substantial relationship to that state. Premier Bodyworks is a California corporation and Viallanueva is a resident of California. Defendants are operating out of California, and its contractual duties, specifically ordering the minimum amount of refinish products, were to take place in California. The Undersigned has not identified any reasonable basis for Michigan law governing this dispute. Accordingly, the Undersigned finds California law governs this action.

b Breach of Contract

Plaintiff raises a cause of action for breach of contract against Defendants. To succeed on a claim for breach of contract under California law, a plaintiff must establish (1) a valid contract, (2) performance by plaintiff or an excuse for nonperformance, (3) defendant's breach, and (4) damages. *Amelco Electric v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (Cal. 2002). A valid contract exists if the parties to the contract are capable of contracting, both parties consent to the contract's terms, a lawful object is present, and sufficient consideration exists. *United States ex rel Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

Accepting Plaintiff's well-pleaded factual allegations as true, Plaintiff has established that Defendants breached a valid contract. Plaintiff and Premier Bodyworks entered into a valid

contract, the Requirements Agreement, to buy and sell refinish products.  Additionally, Viallanueva is an adult capable of contracting and consented to personally guarantee Premier Bodyworks' performance.  There is no evidence to suggest that Defendants did not intend to be legally bound by the Requirements Agreement and its terms.  Further, Plaintiff alleges it has performed and fulfilled all obligations and conditions required under the agreement, by paying the promised consideration and loaning equipment to Premier Bodyworks, and remains ready, willing, and able to perform all obligations, conditions and covenants, required under the Requirements Agreement.

Defendants breached the Requirements Agreement, including Viallanueva's personal guarantee, by failing to purchase enough refinishing products to meet the minimum requirements, refund the consideration pursuant to the agreement, and to return or repay the value of the loaned equipment.  Plaintiff has alleged that it has suffered damages as a result of this breach.  Therefore, Plaintiff has sufficiently alleged a breach of contract claim against both Defendants.

c. Unjust Enrichment

Plaintiff also brings a cause of action for unjust enrichment against both Defendants. Generally, California law does not permit a standalone cause of action for unjust enrichment where an enforceable written contract governs the same subject matter.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)).

Here, Plaintiff cannot prevail on its cause of action for unjust enrichment because the parties entered into an express agreement (the Requirements Agreement) that covers the subject matter of this action.  Plaintiff's unjust enrichment claim is based on Defendants' failure to return the loaned equipment or its applicable value and consideration with the applicable additional fee. The Requirements Agreement sufficiently defines the rights and obligations of the parties as to the aforementioned consideration, loaned equipment, and applicable penalties.  Accordingly, Plaintiff's unjust enrichment claim fails as a matter of law.

/ / /

d. Declaratory Relief

Plaintiff's final cause of action is for declaratory relief. In California, "a court may refuse [to grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Civ. Proc. Code § 1061. "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Here, Plaintiff fails to demonstrate that declaratory relief will serve any useful purpose or settle unresolved legal issues. The requested judicial declaration is duplicative of Plaintiff's breach of contract claim. The Court's grant of Plaintiff's breach of contract claim will afford Plaintiff full relief, and therefore declaratory relief is unnecessary. *See United Safeguard Distrib.'s Ass'n. Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 961 (C.D. Cal. 2015) ("[C]ourts have found that where 'a breach of contract claim resolved all questions regarding contract interpretation, [it renders] declaratory judgment duplicative.'") (citations omitted). For this reason, Plaintiff's declaratory relief claim also fails.

Plaintiff has adequately stated a claim for breach of contract, thus, the second and third *Eitel* factors favor default judgment.

**3. The Sum of Money at Stake in the Action**

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The amount at stake must not be disproportionate to the harm alleged. *See Lehman Bros. Holdings. Inc. v. Bayporte Enters. Inc.*, 2011 WL 614079, at *7 (N.D. Cal. Oct. 7, 2011). Default judgment is generally disfavored when the sum of money at stake is either too large or unreasonable in light of a defendant's actions. *G & G Closed Circuit Events, LLC v. Nguyen*, 2012 WL 2339699, *2 (N.D. Cal. May 30, 2012). Generally, courts have found that this factor presents no barrier to default judgment even when millions of dollars were at stake, as long as the potential damages were proportional to the harm alleged. *Global Commodities Trading Group, Inc., et al. v.*

13

*Beneficio De Arroz Choloma, S.A., et al.*, No. 2:16-cv-1045-TLN-CKD, 2022 WL 1439499, at *5 (E.D. Cal. May 6, 2022) (citations omitted), *F&R adopted*, 2022 WL 2818658 (July 19, 2022).

Plaintiff seeks to recover $77,000.00 in consideration, and $25,550.00 for the value of the loaned equipment. Plaintiff has provided adequate evidence in the form of documentation and declarations to support its claim for total harm in the amount of $102,550.00. (Doc. 17). Moreover, Plaintiff's witness Randy A. Tucker attested to the value of the loaned equipment. Accordingly, the money sought by Plaintiff is proportionate to the harm caused by Defendants, and this factor weighs in favor of granting default judgment.

**4. The Possibility of a Dispute Concerning Material Facts**

"[A]llegations in a well-pleaded complaint are taken as true following the clerk's entry of default." *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Defendants have not answered the complaint. Since Plaintiff's factual allegations are presumed true in this context and Defendants failed to move to set aside the default, no factual dispute exists that would preclude the entry of default judgment. *Vogel*, 992 F. Supp. 2d at 1013. Thus, this factor weighs in favor of default judgment.

**5. Whether the Default was Due to Excusable Neglect**

Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Upon review of the record before the court, there is clear indication that the default was not the result of excusable neglect. Defendants were properly served and/or notified of the Complaint against them on December 5, 2022, and of this motion on March 1, 2023. Viallanueva appeared for the first time at the August 17, 2023, motion hearing and admitted he received a copy of the summons and complaint but failed to answer.[2] At the hearing, Viallanueva expressed interest in retaining

---

[2] Although Viallanueva individually has appeared in the action by virtue of attending the motion hearing on August 17, 2023, Premier Bodyworks has not appeared and was not present at the motion hearing, notwithstanding Viallanueva's status as Premier Bodyworks' owner. *See In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999) (a corporation can be represented only by a licensed attorney); E.D. Cal. Local Rule 183(a) (same).

counsel. The Court admonished Viallanueva of his duty as a pro se party to review and comply with the Court's Local Rules and to expeditiously file notice of attorney appearance if he intended to retain counsel. (Doc. 17). As of the date of this order – 21 days after the motion hearing – Viallanueva has not filed any notice of retainer of counsel or requested additional time to do so or otherwise filed any opposition to Plaintiff's motion or answer to the complaint. Accordingly, this factor weighs in favor of granting default judgment. *Vogel*, 992 F. Supp. 2d at 998 (finding "it reasonable to infer default was not the product of excusable neglect" where defendant was properly served).

### 6. The Strong Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Defendants' failures to adequately answer Plaintiff's complaints and/or appropriately respond to the Court's orders and Plaintiff's pleadings make a decision on the merits "impractical if not impossible." *PepsiCo, Inc.*, 238 F. Supp. at 1177. Accordingly, this factor weighs in favor of granting default judgment.

For the forgoing, the Undersigned finds that on balance, the *Eitel* factors favor entry of default judgment on Plaintiff's breach of contract claims. Therefore, the Undersigned will recommend that the Court grant Plaintiff's motion for default judgment as to its breach of contract claim.

### D. Relief

Having determined that entry of default judgment is warranted, the Undersigned must now consider Plaintiff's requested relief. The Undersigned does not take Plaintiff's factual allegations concerning damages as true. *TeleVideo*, 826 F.2d at 917-18. Rather, Plaintiff must offer proof of the damages sought. *Id*. Plaintiff seeks $77,000.00 in liquidated damages for the consideration and applicable additional fee, and $25,550.00 for the loaned equipment or its return.

### 1. Liquidated Damages

Although Plaintiff does not explicitly request "liquidated damages," its demand for the return of the consideration pursuant to a provision in the Requirements Agreement qualifies as such.

"Liquidated damages constitute a sum which a contracting party agrees to pay or a deposit which he agrees to forfeit for breach of some contractual obligation." *ABI, Inc. v. City of Los Angeles*, 153 Cal. App. 3d 669, 685 (2011). Here, the sums listed in the schedule incorporated in the Requirements Agreement are liquidated damages to be paid based on different degrees of breach. (Doc. 12 at 6-7). If the amount of liquidated damages is disproportionate to the actual damages anticipated, then the provision is considered a penalty and unenforceable. *Howard v. Babcock*, 6 Cal. 4th 409, 425 (1993). "Whether an amount to be paid upon breach is to be treated as liquidated damages or as an unenforceable penalty is a question of law" to be decided by the court. *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 794 (2003).

Under the Requirements Agreement, if Defendants breached the contract and purchased less than one-fifth of the minimum purchase requirement, Defendants must refund 110% of Plaintiff's $70,000.00 consideration, or $77,000.00. Here, Defendants fulfilled less than one-fifth of the minimum purchase requirement, and therefore Plaintiff may recover $77,000.00 as liquidated damages, provided the additional $7,000.00 fee did not constitute a penalty. The Requirements Agreement schedule sets forth decreasing percentages of the refund in the event that Defendants fulfilled a greater portion of the minimum purchase requirement. Thus, the total refund amount is reasonably proportionate to anticipated actual damages and directly linked to the circumstances of any breach. Accordingly, the Undersigned concludes that the schedule and additional $7,000.00 fee is not disproportionate to the actual damages anticipated and should not be viewed as a penalty. *See e.g., BASF Corp. v. SSM Auto. Grp., Inc.*, 2022 WL 2288427, at *6 (C.D. Cal. May 17, 2022). Accordingly, the Court shall recommend an award to Plaintiff of $77,000.00 in liquidated damages.

**2. Loaned Equipment**

Plaintiff also seeks to recover the value or the return of loaned equipment. In the event of a breach, the Requirements Agreement obligates Defendants to "return the equipment…or repay [its] retail value" to Plaintiff.

An order requiring Defendants to return the loaned equipment would amount to specific performance. Specific performance is an equitable remedy that "orders a party to render the

1  performance that he promised" under the contract.  Restatement (Second) of Contracts § 357.  To
2  obtain specific performance after a breach of contract, a plaintiff must generally establish that the
3  contract is "just and reasonable," the "consideration adequate," and the available legal remedy
4  insufficient.  *Petersen v. Hartell*, 40 Cal. 3d 102, 110 (1985); *see also Real Estate Analytics, LLC*
5  *v. Vallas*, 160 Cal. App. 4th 463, 472 (2008) (providing five elements a plaintiff must establish to
6  obtain specific performance).  Plaintiff has not addressed these requirements with respect to its
7  requested relief.  Accordingly, Plaintiff fails to establish that an award of specific performance,
8  the return of the loaned equipment, is justified.

Next, Plaintiff alleges the current value of the loaned equipment is $25,550.00.  In support for this allegation, Plaintiff offered the sworn testimony of Randy A. Tucker at the motion hearing.  Given the evidence that Plaintiff presented, awarding Plaintiff $25,550.00 for the loaned equipment is reasonable.  *See BASF Corp. v. West Hollywood Collision Center, Inc.*, 2023 WL 5167356, *5 (C.D. Cal. Jul. 12, 2023) (holding under similar facts Plaintiff was entitled to reimbursement for loaned equipment that was not returned by Defendant).

**Conclusion and Recommendation**

For the reasons set forth above, the Undersigned recommends the following:

1. Plaintiff's motion for default judgment (Doc. 12), on Plaintiff's breach of contract claims against Defendants Premier Bodyworks and Viallanueva, be GRANTED;
2. Plaintiff's motion for default judgment (*Id*.), on Plaintiff's unjust enrichment and declaratory relief claims, be DISMISSED WITH PREJUDICE;
3. Plaintiff be awarded in $25,550.00 in expectation damages as to the loaned equipment, and $77,000.00 in liquidated damages against Defendants.
4. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2023**                      _____
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE